ORIGINAL

J. STEPHEN STREET     1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.:     (808) 754-1647
Facsimile No.:     (888) 334-6499
E-mail:     jsstreet@ip-law-hawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 14 2013

at 3 o'clock and 30 min P M.
SUE BEITIA, CLERK

DANE ANDERSON     9349-0
Attorney At Law, LLLC
2029 Nuuanu Ave, Box #1501
Honolulu, Hawaii  96817
Telephone No.:     (808) 285-4760
E-mail:     dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>                 Plaintiff,<br><br>vs.<br><br>GYPSY GUIDE HAWAII, LLC, a<br>Hawaii Domestic Limited Liability<br>Company, dba GYPSY GUIDE; GPS<br>TOUR GUIDE INC., a Canada<br>Corporation, dba GYPSY GUIDE;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>ASSOCIATIONS 1-10,<br><br>                 Defendants. | ) CIVIL NO. **CV13 00300**BMK<br>) (Copyright Infringement)<br>)<br>)<br>) COMPLAINT FOR COPYRIGHT<br>) INFRINGEMENT AND DIGITAL<br>) MILLENNIUM COPYRIGHT ACT<br>) VIOLATIONS; EXHIBITS "A"-"C";<br>) SUMMONS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR, by his

attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at

Law, LLLC, and for his complaint alleges as follows:

### PARTIES

1.      Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a

resident of the State of Hawaii.

2.      Upon information and belief, Defendant GYPSY GUIDE

HAWAII, LLC, doing business as GYPSY GUIDE, is a domestic limited liability

company registered in the State of Hawaii with its principal place of business at

155 Lahainaluna Road, Lahaina, Hawaii 96761, and a mailing address at 843

Wainee Street, #107-PMB 828, Lahaina, Hawaii 96761-1685.

3.      Upon information and belief, Defendant GPS TOUR GUIDE

INC., is a corporation registered in the country of Canada and is doing business as

GYPSY GUIDE.

4.      JOHN DOES 1-10, JANE DOES 1-10, DOE

CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE

ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that,

after investigation of the facts of this action, said Defendants' true names and

identities are presently unknown to Plaintiff, except, upon information and belief,

2

that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through inter alia, interview of Plaintiff and inspection of the records in this matter.  When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

5.     This is an action for preliminary and permanent injunctive relief and damages arising from Defendant GYPSY GUIDE HAWAII, LLC's and Defendant GPS TOUR GUIDE INC.'s (collectively "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

6.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

7.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

**FACTUAL ALLEGATIONS**

8.    Defendants are doing business in the State of Hawaii as GYPSY GUIDE through a commercial website at http://www.gypsyguide.com and through a commercial webpage on Facebook.com, at http://www.facebook.com/GyPSyGuide.

9.    Defendants manage and control their commercial website at http://www.gypsyguide.com to promote and advertise their business of renting or selling electronic travel guides, available for rent in the form of a portable Global Positioning Device that contains electronic software or available for purchase in the form of an application for download onto a mobile device; and, to transact online purchases and coordinate the delivery or pickup of the rental device from one of Defendants' various storefronts or kiosks within the State of Hawaii.

10.   Defendants manage and control their commercial webpage on Facebook.com, at http://www.facebook.com/GyPSyGuide, to advertise and promote their GYPSY GUIDE business by referencing Defendants' commercial website and listing Defendants' commercial website and business information

within Defendants' Facebook.com webpage's "about" section for Facebook.com users to view and click on a hyperlink to be directly routed to Defendants' commercial website to complete rentals and sales of Defendants' electronic travel guides.

11.   The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographs at issue are duly registered with the United States Copyright Office.

12.   The two photographic works, image nos.: "O-06 Hanauma Bay Wide" and "O-07 Waimea Falls" at issue in this case were created by photographer Plaintiff Vincent Khoury Tylor, who owns the copyrights to the works.  The copyrights for the photographic works at issue were registered with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by VA 1-432-741, in the name of Plaintiff Vincent Khoury Tylor. Plaintiff has exclusive rights and privileges in the photographic works under the United States Copyright Act.  A true and correct copy of the Certificate of Registration which relates to each photographic work at issue is attached hereto as Exhibit "A."

13.   Neither of the said photographic works was a "work for hire."

14.    Plaintiff incurred substantial time and expense in creating the

photographic works at issue and invested substantial time and expense in

marketing the licensing of said photographic works.

15.    In mid 2012, Plaintiff learned that Defendants were using the

photographic works at issue, a total of seventeen (17) different times:

Image "**O-06 Hanauma Bay Wide**" is/was used at least six (6) times at:

Page URLs:
http://www.gypsyguide.com  (Home Page)
http://www.gypsyguide.com/oahu/where/index.php
http://www.gypsyguide.com/oahu/where/index.php#full_island_circle
http://www.gypsyguide.com/maui/otherlocations.php
http://www.facebook.com/GyPSyGuide/photos
http://www.facebook.com/photo.php?fbid=10150379995001614&set
        =a.10150379994091614.409387.84940841613&type=3&theater
https://www.facebook.com/GyPSyGuide/photos_albums
https://www.facebook.com/GyPSyGuide/photos_stream

Image URLs:
http://www.gypsyguide.com/assets/images/hanauma_bay%20sunny.jpg
http://www.gypsyguide.com/oahu/assets/images/where/beaches%20volc
        anoes/hanauma_bay%20sunny.jpg
http://sphotos-a.xx.fbcdn.net/hphotos-ash4/310391_101503799
        95001614_875407739_n.jpg
https://sphotos-a.xx.fbcdn.net/hphotos-frc1/310391_101503799
        95001614_875407739_n.jpg


Image "**O-07 Waimea Falls**" was used at least eleven (11) times at:

Page URLs:
http://www.gypsyguide.com/oahu/
http://www.gypsyguide.com/oahu/demo.php
http://www.gypsyguide.com/oahu/where/index.php
http://www.gypsyguide.com/oahu/where/index.php#full_island_circle

http://www.gypsyguide.com/oahu/howitworks.php
http://www.gypsyguide.com/oahu/faq.php
http://www.gypsyguide.com/oahu/rates.php
http://www.gypsyguide.com/oahu/wheretorent.php
http://www.gypsyguide.com/oahu/hawaiianlanguage.php
http://www.gypsyguide.com/oahu/reviews.php
http://www.gypsyguide.com/oahu/contactus.php

Image URL:
http://www.gypsyguide.com/oahu/assets/images/where/island%20circle/Waimea%20valley.jpg

Said photographic works were used without obtaining licenses or consent from Plaintiff, thus violating the exclusive rights of the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et. seq. True and correct copies of the photographic works registered by Plaintiff and used without permission by Defendants on their commercial website and Facebook.com commercial webpage are attached hereto as Exhibit "B". True and correct copies of screenshots of Defendants' infringing use of the photographic works on Defendants' commercial website and Facebook.com commercial webpage are attached as Exhibit "C".

16.     Plaintiff's copyrighted photographic work titled "O-07 Waimea Falls," where it is legitimately available, bears Plaintiff's copyright management information in the form of a "Vincent K. Tylor" signature at the bottom, right corner of that photographic work.

17.     Upon information and belief, Defendants intentionally removed or altered Plaintiff's copyright management information from the "O-07 Waimea Falls" photographic work at issue for Defendants' uses of that photographic work without the authority of Plaintiff or the law because Defendants' uses contained copies of that photographic work at issue with the said copyright management information digitally cropped. Additionally, Defendants have associated their own false copyright management information, centered at the bottom of their commercial website at http://www.gypsyguide.com, with the photographic works at issue. A true and correct copy of each of Plaintiff's "O-07 Waimea Falls" photographic work containing the copyright management information is shown in Exhibit "B." A true and correct copy of each of Defendants' uses of the photographic works at issue with the copyright management information cropped and associated with false copyright management information is shown in Exhibit "C."

18.     Defendant GPS TOUR GUIDE INC. is liable for Defendants' infringing activity, removal of copyright management information associated with the "O-07 Waimea Falls" photographic work at issue, and/or association of false copyright management information with the photographic works at issue because Defendant GPS TOUR GUIDE INC. is the registrant for Defendants' commercial website at http://www.gypsyguide.com, and enjoys a direct financial benefit from,

and has the right and ability to supervise or control, the infringing activity on both Defendants' commercial website and Defendants' Facebook.com webpage as described above. Defendant GYPSY GUIDE HAWAII, LLC also enjoys a direct financial benefit from the advertising of its business on Defendants' commercial website and Defendants' Facebook.com webpage and has the opportunity and ability to supervise or control the infringing activity.

19.  By letter of September 11, 2012, Plaintiff gave notice to Defendants of the copyright infringements and Digital Millennium Copyright Act violations. Plaintiff attempted to resolve the claim with Defendants for the ongoing use of the photographic works at issue in violation of Plaintiff's copyrights, requesting that Defendants pay a retroactive licensing fee for the photographic works used on Defendants' commercial website and Facebook.com commercial webpage, that Defendants cease and desist from using any of Plaintiff's copyrighted photographic works, and that Defendants provide written assurances that the copyrighted photographic works at issue were removed from Defendants' commercial website and Facebook.com commercial webpage.

20.  Plaintiff's counsel exchanged written communications and/or had telephone conversations with the owners of both Defendants, discussing the nature of the claims and offering terms of settlement.

21.  Despite the notice to Defendants, Defendants continue to use

the "O-06 Hanauma Bay Wide" photographic work at issue in the same manner on their Facebook.com commercial webpage, committing willful infringement of that photographic work at issue.

22.   Plaintiffs and Defendants were unable to resolve this matter, thus necessitating legal action.

### FIRST CAUSE OF ACTION:
### COPYRIGHT INFRINGEMENT

23.   Plaintiff restates and realleges each of the allegations contained in paragraphs 1-22 as if fully stated herein.

24.   Plaintiff has all rights, title, and interest in the copyrights to the photographic works as holder of the copyrights, the use of which has not been licensed to Defendants.

25.   Defendants have misappropriated Plaintiff's copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendants, and Defendants made no attempt to obtain permission or license from anyone; Defendants thereby willfully engaged in unauthorized use and copying of Plaintiff's copyrights by using Plaintiff's photographic works. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

26.   Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing,

and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

27.    Defendants' unlawful use of copies of Plaintiff's original photographic works without license and without Plaintiff's copyright management information, and with false copyright management information, has diminished the value of the original photographic works by contributing to the loss of their identity as being the exclusive property of Plaintiff.

28.    Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale by Plaintiff of his own photographic works.

29.    Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

30.    Defendants, by their unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

31.    Because Defendants used and continue to use Plaintiff's copyrighted photographic works without license, infringing the exclusive rights of

Plaintiff as the copyright owners, Plaintiff is entitled to have the infringing

publications and any improperly acquired likenesses or images (however stored or

recorded) impounded while this action is pending.

32.   As a direct and proximate result of Defendants' wrongful acts,
Plaintiff has suffered and continues to suffer lost profits and damages.

33.   Plaintiff is entitled to recover from Defendants the damages he
has sustained as a result of these wrongful acts.  Plaintiff is presently unable to
ascertain the full extent of the monetary damages he has suffered by reason of
Defendants' acts of copyright infringement.

34.   Plaintiff is further entitled to recover from Defendants any
gains, profits, or advantages Defendants have obtained as a result of their wrongful
acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits,
and advantages Defendants have realized by their acts of copyright infringement.

35.   Plaintiff is entitled to elect to recover from Defendants statutory
damages for each of their past and/or continuing willful violations of Plaintiff's
copyrights.

36.   Plaintiff is further entitled to costs and reasonable attorneys'
fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

37.    Plaintiff restates and realleges each of the allegations contained in paragraphs 1-36 as if fully stated herein.

38.    Defendants have intentionally removed copyright management information from association with the "O-07 Waimea Falls" photographic work used on Defendants' commercial website, and, in addition, associated their own false copyright management information with the photographic works at issue, without the authority of Plaintiff or the law, and knowing, or having reasonable grounds to know, that the removal or false association would induce, enable, facilitate, or conceal infringement of copyright.

39.    Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a) and (b).

40.    Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

41.    Plaintiff is entitled to recover from Defendants the actual damages suffered by Plaintiff and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages.  Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

42.    Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their past and/or continuing violations of 17 U.S.C. § 1202.

13

43.     Plaintiff is further entitled to costs and reasonable attorneys'

fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A.     That this Court enter an injunction preliminarily and

permanently enjoining and restraining Defendants and their directors, officers,

agents, servants, employees, attorneys, and all persons in active concert or

participation with Defendants from infringing Plaintiff's copyrighted photographic

works and from further violating 17 U.S.C. § 1202;

B.     That the Court order any original infringing photographs,

prints, separations, publications, copies, products, or materials bearing the image,

digital data in any form and/or likenesses impounded and/or destroyed or disposed

of in other reasonable fashion;

C.     That Defendants be required to pay such damages as Plaintiff

has sustained and any profits Defendants have gained in consequence of

Defendants' unlawful acts or, in the alternative, to pay statutory damages pursuant

to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D.    That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E.    That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, _____6-14-2013_____.


J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT KHOURY TYLOR

15